UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID JOSEPH MCNEAL,

                Plaintiff,

      -against-

THE HARTFORD; GERARD DEGREGORIS III, MD; AETNA INC.,

                Defendants.

24-CV-7448 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff David Joseph McNeal, who resides in New York and appears *pro se*, brings this action against his New York City doctor, Gerard Degregoris ("Degregoris"), and two insurance companies, The Hartford ("Hartford") and Aetna, Inc. ("Aetna"), both citizens of Connecticut.[1] By Order dated October 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction, and grants Plaintiff 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed his original complaint on September 30, 2024 (ECF No. 1) and an amended complaint on October 7, 2024 (ECF No. 6).

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

This action concerns Plaintiff's insurance coverage, his doctor's alleged failure to complete necessary paperwork regarding that coverage, and Hartford's termination of Plaintiff's insurance. The action also concerns Hartford's and Aetna's alleged violation of the Health Insurance Portability and Accountability Act ("HIPAA").

The following facts are drawn from the amended complaint.[2] (ECF No. 6.) In June 2020, Hartford terminated Plaintiff's "insurance claim and payments . . . based on alleged inconsistencies in [Plaintiff's] condition." (*Id.* at 5.) Both Hartford and Degregoris failed to complete necessary "compliance documentation," causing the termination of Plaintiff's claims. (*Id.*) Degregoris "failed to address [Plaintiff's] work capacity in full . . . [and] was negligent in

---

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

[Plaintiff's] care when he refused to give [Plaintiff] a spinal injection, prescription for continued care through therapy, and terminated [Plaintiff's] care while [Plaintiff] was insured through Medicare, and [Degregoris] was a Medicare provider." (*Id.* at 5-6.)

Plaintiff also alleges that Hartford and Aetna "recklessly violated HIPAA when they disclosed David McNair's medical records." (*Id.* at 6.) Plaintiff claims that "[t]hey were aware that a great number of Mr. McNairs medical records [were] in [Plaintiff's] claim file . . . [and that] [o]n 6/30/22 those records were released to NYLAG Attorney Debra Wolf, along with [Plaintiff's] entire file." (*Id.*) Plaintiff asserts that these records "were . . . reviewed by Mitchell Dornfeld, psychologist; Jamie Lewis, pain management; and Kevin Cohen, pain management[,]" all of whom were unauthorized to receive the medical records. (*Id.*)

Plaintiff seeks to have his "insurance reinstated [or] . . . to settle [his] claim fully from the day of [insurance] termination to the final year of [] coverage." (*Id.*) He also "want[s] Dr. Degregoris to be held accountable for his negligence of [Plaintiff's] care at the state level for malpractice." (*Id.*) Plaintiff seeks $300,000 in damages. (*Id.*)

## DISCUSSION

### A.   Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. Of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If

3

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1. Federal Question

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996).

Although Plaintiff marks "federal question" and writes "28 U.S.C. § 1331" under the "basis for jurisdiction" section of his amended complaint, his allegations, even when liberally construed, do not assert claims under federal law. In addition, Plaintiff's reference to HIPAA does not establish federal question jurisdiction because there is no private cause of action under HIPAA, express or implied. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (per curiam). This means that an individual cannot sue to enforce HIPAA's provisions. Because there is no private right of action under HIPAA, and the amended complaint does not otherwise suggest that Plaintiff's claims arise under federal law, the Court cannot exercise federal question jurisdiction over Plaintiff's claims.

### 2. Diversity Jurisdiction

The Court also cannot exercise diversity jurisdiction over any state-law claims Plaintiff may be asserting against Defendants. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff notes in his amended complaint that he is a citizen of New York. (ECF No. 6 at 2, 7.) He provides addresses in Connecticut for Defendants Hartford and Aetna. (*Id.* at 4.) Plaintiff does not list a home address for Degregoris, but provides a work address for Degregoris in New York City. (*Id.* at 4.) The amended complaint does not suggest that Degregoris resides outside of New York State. Accordingly, because Plaintiff and Degregoris both appear to reside in New York, there is not complete diversity, and the Court cannot exercise diversity jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1332.

### B. Leave to Amend Is Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Plaintiff provides Degregoris's New York City work address. If Plaintiff has reason to believe that Degregoris

does not reside in New York State, Plaintiff may submit a second amended complaint stating facts showing that Degregoris resides outside of New York. In the alternative, if Plaintiff learns that Degregoris is a New York State resident, but believes he is a dispensable defendant who may be dropped from this action, Plaintiff may proceed against Hartford and Aetna. If Plaintiff decides to proceed against only Hartford and Aetna, he must state facts in his second amended complaint describing the events that give rise to any state law claims he may be asserting against those two defendants.

If Plaintiff does not file a second amended complaint within 30 days, the Court will direct the Clerk of Court to enter judgment in this action, without prejudice to any state court action Plaintiff wishes to pursue.

## REFERRAL TO THE CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment.

If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). A flyer from the City Bar Justice Center is attached to this Order.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   July 21, 2025
         New York, New York

                                              /s/ Kimba M. Wood
                                           KIMBA M. WOOD
                                       United States District Judge